Pearson, J.
 

 The question is, whether the motion to discharge the sequestration ought to have been allowed. We think it ought not, and that there is error in the interlocutory order, appealed from.
 

 The plaintiffs claim to be entitled to an account, and to a portion of the property, as a part of the next of kin of Eliza Coleman, alleging, that it was bequeathed to her by James Coleman ; that Elizabeth Coleman, the executrix, committed a breach of trust, by transferring the property to the defendant, Stoker ; and that they fear the property will be removed, because the defendants have but little property, and Stoker denies their right, and sets up an absolute title in himself; and that they will lose the fruits of their recovery, if they should sue
 
 *278
 
 ceed in establishing their claim, unless the property is secured.
 

 The plaintiffs, by this bill, certainly make out a
 
 prima facie
 
 case, and, if the fund be in
 
 any danger,
 
 they have a right, by the practice of this Court, to have it secured, until the hearing, by the appointment of a receiver, or by a sequestration, as was done in this case, which is, in effect, the appointment of a receiver, but in a manner less apt to injure the defendants, by allowing the property to be retained, provided a bond be given for its forthcoming.
 

 We apprehend his Honor fell into the error by not adverting to the distinction between a case like the present, and the ordinary case of an injunction to stay execution upon a judgment at law.
 

 In the latter case, upon the coming in of the answer, if the equity of the bill be denied fully and fairly, the defendant is entitled to a dissolution of the injunction ; for, the right at law being admitted, a Court of Equity will not interfere with the legal remedy, except upon “equity confessed,” or, at least, “not denied by the answer.”
 

 In a case like that under consideration, the right of the plaintiffs to have the property secured, pending the litigation, does not depend upon the “equity confessed by the answer;” and the Court, having secured the fund, will keep it secured, until the rights of the parties are adjudicated, unless the application was improvidently granted, (which will sometimes be the case, because, by our mode of proceeding, the application is an
 
 ex parte
 
 one ;) or unless upon the coming in of the answer, it appears, taking the whole together, that the claim of the plaintiffs is unfounded ; or that the security, which has been obtained, was unnecessary.
 

 Taking the bill and answer together, it does not appeal^ that the claim of the plaintiffs is unfounded.
 

 It is admitted, that the property once belonged to James Coleman. If he bequeathed the property to Eliza Cole
 
 *279
 
 man, of whom the plaintiffs are
 
 a
 
 part of the next of kin, their rights are clear, and the fact that Elizabeth Coleman administered upon the estate of Eliza, as is alleged by the defendants, does not affect their rights, but merely the mode of asserting them; indeed, this fact raises a strong presumption, that Eliza was entitled to some property ; otherwise, why take administration upon her estate? And it is difficult to conceive, how the title of James Coleman was ever divested. Elizabeth Coleman must have retained the possession, either as executrix rightfully, or in her own wrong, or as one entitled to a distributive share ; and her long possession could not divest the title, while the estate was unrepresented ; so that there is an obvious contradiction and want of fairness in the defendants’ allegation of her long possession, and great hardihood in the attempt to set up title in her, ‘because she claimed Edy to be her own, believed
 
 her to be
 
 her own, and exercised acts of ownership and dominion over her;'’ which circumstances may induce the belief, that the defendant Stoker, has been tempted by the destruction of the records of the County of Montgomery to set up an exclusive claim to property, which, in truth, belongs to him in right of his wife and the plaintiffs, as tenants in common of the equitable estate.
 

 Nor does it appear, that the application to have the property secured, pending the litigation, was unnecessary.
 

 It is true, the defendant, Stoker, swears, “that he has property sufficient to discharge all his liabilities ;” but it does not appear, whether he includes
 
 among his
 
 liabilities, that of being called upon to account for this property. It is also true, that he denies any intention of removing the property. That may, or may not be so. It is certain, that he sets up an exclusive claim fo it, and is not able to account satisfactorily for the manner, in which Elizabeth Coleman, under whom he claims, acquired, title, otherwise than by a flagrant. breach of trust, which
 
 *280
 
 he must have known. The interlocutory order, dischargeeg the sequestration, must be reversed, and the plaintiffs have costs in this Court and the Court below.
 

 This Court does not intend to intimate an opinion, that the bill, as now framed, is sufficient to enable the plaintiffs to obtain relief. We do not enter into that consideration, as the bill, if defective, is open to amendment, and the case is now before us upon an interlocutory order.
 

 Per Curiam.
 

 Decree below reversed with costs.